the jurors charged that they may draw an unfavorable inference from this fact, regardless of whether the defendant theoretically had access to the informant" (*People v Dillard,* 96 AD2d 112, 112-113). The informant certainly played a key role in arranging this sale and was present when the transaction took place. Since the issue narrowed to a question of credibility between the undercover officer's version of what happened during the transfer of the drugs and the defendant's claim of agency, the informant clearly could have shed light on this crucial issue. The jury had the right to consider whether the failure to call the informant was because his testimony would not be favorable to the People. Viewing the record as a whole, it is conceivable that if the jury were properly instructed as to the inferences it might draw from the People's failure to call the informant, a contrary verdict might have resulted. The error, therefore, is not harmless and requires reversal and a new trial (*see, People v Douglas,* 54 AD2d 515). (Appeal from judgment of Monroe County Court, Bergin, J.—criminal sale of controlled substance, third degree.) Present—Callahan, J. P., Boomer, O'Donnell, Pine and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER DILLENBECK, Appellant.—Judgment unanimously affirmed. Memorandum: We agree with the trial court that, under the circumstances of this case, the prior statement allegedly made by the victim cannot reasonably be construed as being inconsistent with her testimony. In any event, if the exclusion of this statement was error, it was harmless (*People v Crimmins,* 36 NY2d 230).

We find no merit to the other issues raised by defendant. (Appeal from judgment of Herkimer County Court, Bergin, J. —attempted murder, second degree.) Present—Callahan, J. P., Boomer, O'Donnell, Pine and Schnepp, JJ.

■ STATE DIVISION OF HUMAN RIGHTS, on Complaint of BERNARD N. PRYOR, SR., Petitioner, v ERIE COUNTY MEDICAL CENTER, Respondent. (Proceeding No. 1.)—Determination unanimously confirmed and petition dismissed, without costs (*see, State Div. of Human Rights v Ingersoll-Rand Co.,* 106 AD2d 917). (Proceeding pursuant to Executive Law § 298.) Present—Callahan, J. P., Boomer, O'Donnell, Pine and Schnepp, JJ.

■ STATE DIVISION OF HUMAN RIGHTS, on Complaint of BERNARD N. PRYOR, SR., Petitioner, v ERIE COUNTY MEDICAL CENTER, Respondent. (Proceeding No. 2.)—Determination

unanimously confirmed and petition dismissed, without costs (*see, State Div. of Human Rights v Ingersoll-Rand Co.,* 106 AD2d 917). (Proceeding pursuant to Executive Law § 298.) Present—Callahan, J. P., Boomer, O'Donnell, Pine and Schnepp, JJ.

■ STATE DIVISION OF HUMAN RIGHTS, on Complaint of BERNARD N. PRYOR, SR., Petitioner, v AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, LOCAL 1095, Respondent.—Determination unanimously confirmed and petition dismissed, without costs (*see, State Div. of Human Rights v Ingersoll-Rand Co.,* 106 AD2d 917). (Proceeding pursuant to Executive Law § 298.) Present—Callahan, J. P., Boomer, O'Donnell, Pine and Schnepp, JJ.

■ STATE DIVISION OF HUMAN RIGHTS, on Complaint of DAWN M. JANIAK, Petitioner, v CITY OF SYRACUSE POLICE DEPARTMENT, Respondent.—Determination unanimously confirmed and petition dismissed, without costs (*see, State Div. of Human Rights v Ingersoll-Rand Co.,* 106 AD2d 917). (Proceeding pursuant to Executive Law § 298.) Present—Callahan, J. P., Boomer, O'Donnell, Pine and Schnepp, JJ.

■ STATE DIVISION OF HUMAN RIGHTS on Complaint of SOLOMON I. CAMPBELL, Petitioner, v ROCHESTER PRODUCTS DIVISION OF GENERAL MOTORS CORPORATION, Respondent.—Determination unanimously confirmed and petition dismissed, without costs. Memorandum: Petitioner seeks review pursuant to Executive Law § 298 of the decision and order of the State Division of Human Rights dismissing his complaint which charged Rochester Products Division of General Motors with unlawful discriminatory practices in the matter of employment because of his creed and race. Following its investigation the Division found that probable cause did exist to sustain the complaints and the consolidated cases were referred to public hearing. Subsequent to the hearing before an administrative law judge and based upon his recommendations, the Commissioner of Human Rights issued findings of fact, an opinion, decision and order in which it was found that Rochester Products had not discriminated against petitioner on the basis of his creed and race, and dismissed the complaint.

In reviewing an administrative decision, this court may not substitute its judgment for that of the agency and where conflicting evidence exists, it is for the administrative board or agency to pass upon the credibility of witnesses and to base its inferences on what it accepts as the truth (*Matter of CUNY-Hostos Community Coll. v State Human Rights Appeal Bd.,* 59